[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision on Defendant's Motion to Compel Disclosure
CT Page 9278
The defendant has been charged with serious criminal offenses including sexual assault in the first degree, sexual assault in the second degree and risk of injury to a minor. The first criminal charges were filed in May of 2001. Subsequent warrants were obtained and the defendant was presented in October of 2001 on many of the outstanding charges. Counsel for the defendant and the assistant State's Attorney responsible for the case, whose interpersonal antipathy is well known to the court, have been unable to agree upon the extent of disclosure[1].
Thereafter the attorney for the defendant filed a motion to compel and for production and has subpoenaed the State Police records of the investigation of the case and the Department of Children and Families file. At oral argument on the motion on June 7, 2002, the State asked for the opportunity to file a motion "to enjoin Ms. Favreau (defense counsel) from disclosing those names" and enjoining her from any further disclosure or copying of the "material I propose to give her." The assistant State's Attorney has not filed any such motion and accordingly, his objections are not before the court.
 I.
The defendant first seeks to have the court conduct an in camera review of the entire State Police file and the State's Attorney's file in a general wholesale search for any "relevant, material, and exculpatory information, "presumably under the general authority of Brady vsMaryland 373 U.S. 83, 87, 83 S.Ct. 1194 (1963). She further requests that the files be sealed and preserved in the court's records to be made available to the appellate court in the event of appeal. The court will do neither. The court will not be placed in the very untenable position of reviewing every State Police record and State's Attorney's file in every criminal case upon a bare request of counsel to do so. Neither will the court burden the clerk's office and the appellate court with copies of such documents absent a very specific direction of the appellate courts to do so. No such authority has been provided.
The State's Attorney's office in the Judicial District of Windham has in most cases adopted unilaterally an open file policy regarding disclosure. It is completely unilateral and is not required by statute nor Practice Book rule. In most cases, the open file policy has worked to provide full disclosure and eliminate the needless expenditure of effort on contentious court argument. The open file policy has not worked well in this case. Accordingly, the prosecution is directed and ordered to comply with the Practice Book provisions regarding discovery in criminal cases and produce to the defendant within 30 days, for inspection and CT Page 9279 copying any and all of the following items:
(1) Exculpatory information or materials;
(2) Any books, tangible objects, papers, photographs, or documents within the possession, custody or control of any governmental agency, which the prosecuting authority intends to offer in evidence in chief at trial or which are material to the preparation of the defense or which were obtained from or purportedly belong to the defendant;
(3) Copies of the defendant's prior criminal record, if any, which are within the possession, custody, or control of the prosecuting authority, the existence of which is known, or by the exercise of due diligence may become known, to the prosecuting authority;
(4) Any reports or statements of experts made in connection with the offense charged including results of physical and mental examinations and of scientific tests, experiments or comparisons which are material to the preparation of the defense or are intended for use by the prosecuting authority as evidence in chief at the trial;
(5) Any warrant executed for the arrest of the defendant for the offense charged, and any search and seizure warrants issued in connection with the investigation of the offense charged;
(6) Any written, recorded or oral statements made by the defendant, before or after arrest to any law enforcement officer or to a person acting under the direction of or in cooperation with a law enforcement officer concerning the offense charged.
In addition to the foregoing, the defendant shall be entitled to disclosure of exculpatory materials in accordance with any applicable constitutional and statutory provisions. The prosecution is further directed to disclose to the defendant the names and, subject to the provisions of subsections (g) and (h) of section 40-13, the addresses of all witnesses, other than the victims, that the prosecuting authority intends to call in his or her case in chief.
 II.
The issues presented regarding confidential records of the Department of Children and Families are another matter. Our Supreme Court, as well as the United States Supreme Court, has recognized a due process right to require an in camera review of statutorily protected information, in the context of the prosecution's duty to disclose exculpatory information. "[A]n independent right to disclosure of exculpatory information exists CT Page 9280 under the due process clause of the Connecticut constitution. Conn. Const., art. I, § 8; see Michigan v. Long, 463 U.S. 1032, 1041,103 S.Ct. 3469,77 L.Ed.2d 1202 (1983)." State v. Simms, supra, 201 Conn. 405
n. 8 State v. Leduc, 40 Conn. App. 233, 246, 670 A.2d 1309 (1996). The Connecticut Supreme Court has also determined that there exists asixth amendment confrontation right to an in camera inspection of DCF records under the U.S. Constitution. State v. Kulmac, 230 Conn. 43, 58,644 A.2d 887 (1994), State v. Slimskey 257 Conn. 842, 856-57 (2001).
Accordingly, so much of the defendant's motion as it relates to an in camera review by the court of the DCF records is granted. The court has reviewed the records to determine the probative value of the evidence as it relates to the case at hand and to weigh that value against the interest in confidentiality of the records. State v. Slimskey, supra, 856-57, State v. Francis 70 Conn. App. 571, 577 (July, 2002)
After a thorough review of the records of DCF[2] the court notes that certain pages of the various documents were missing. Pages 1-5 of the 16 page narrative were missing as were page 1-5 of the 9 page narrative (DCF form 2074). The court directs that the State's Attorney secure those pages from DCF and provide those narratives for the court's further in camera examination.
The review of the records of DCF disclose only brief references to certain information which may be considered helpful to the defense. Those references which the court will disclose as it is available elsewhere in non-confidential statements, and a disclosure of which will not do violence to the general confidentiality of the records or the privacy interests of the parties, relate only to the fact that initially, the brother of the principal complaining witness did not believe that the sexual assault occurred and further that the mother may have vacillated in her belief initially that the events occurred. While the records reveal adjustment problems of the victim subsequent to the alleged events, there was nothing in the nature of material and favorable exculpatory information contained in the DCF records, which might otherwise be required to be given to the defendant under the principles of Brady v. Maryland, 373 U.S. 83, supra Pennsylvannia v. Ritchie480 U.S. 39, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987) or State v. Francis, supra 70 Conn. App. 578.
 ORDER
The request for disclosure of the DCF records is granted insofar as an in camera inspection has been conducted. The sealed records may be made part of the record of the case for appellate review only. The records shall otherwise remain sealed and may be opened only upon judicial CT Page 9281 order. The State is directed to produce records in accordance with Section I of this order.
By the court.
Foley, J.